UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex</u> <u>rel</u>. BRYAN QUESENBERRY,<br><br>Plaintiff,<br><br>vs.<br><br>ALTIUS TECHNOLOGIES, INC.; ARVA INTELLIGENCE CORP.; CAISSON LABORATORIES, INC.; CARR WOODALL; CASCADE CONCRETE, L.L.C.; COOK BROTHERS, INC.; CORNERSTONE AFFILIATES INC.; CYWEST COMMUNICATION a/k/a CYWEST COMMUNICATIONS, INC.; DOMEGA; DOMEGA, INC.; DYB SERVICES LLC; ELEVEN DIMENSIONS INC.; GUARD DOG SOLUTIONS, INC.; GUEST-TEK INTERACTIVE ENTERAINMENT INC.; KING ENTERPRISES INC.; NORDIC VALLEY RECREATION LP; NUTRIGOLD INC.; OUR LADY OF LOURDES SCHOOL; PHOENIX AWAKENING HOLDINGS, LLC; PLATO ELEARNING, LLC; REDLIST, LLC; SERIES 202: MINISTRIES OF THE CATHOLIC DIOCESE OF SALT LAKE CITY, LLC P.S.; SERIES 230: MINISTRIES OF THE CATHOLIC DIOCESE OF SALT LAKE CITY, LLC P.S.; SERIES 250: MINISTRIES OF THE CATHOLIC DIOCESE OF SALT LAKE CITY, LLC P.S.; SOLGEN CONSTRUCTION LLC; TAXBIT INC.; and VIGIL INDUSTRIAL PROTECTION LLC,<br><br>Defendants. | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**<br><br>**(Filed in Camera and Under Seal)**<br>**(DO NOT PLACE ON PACER)**<br><br>**JURY TRIAL DEMANDED**<br><br>Case: 2:20−cv−00497<br>Assigned To : Benson, Dee<br>Assign. Date : 7/13/2020<br>Description: Quesenberry v. Altius Technologies, et al<br><br>Case No.<br><br>Judge<br><br>Magistrate Judge |

Plaintiff-Relator Bryan Quesenberry, through counsel, on behalf of the United States of America (the "Government" or the "Federal Government") and against the above-named Defendants, alleges based upon personal knowledge, relevant documents, and information and belief, as follows.

## INTRODUCTION

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements, and claims made and caused to be made by Defendants and/or their agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq*. **("the FCA")**.

2. This action seeks to recover millions of federal dollars wrongfully loaned to Defendants through the Federal Government's Payroll Protection Program **("PPP")**. The PPP provides a pathway to borrowers for forgiveness of these loans.

3. Pursuant to the PPP, the Federal Government has spent billions of dollars in stimulus funding, as well as other federal funding, to support and aid legitimate businesses through the coronavirus pandemic.

4. This action alleges that Defendants falsely represented to the Federal Government that they were formed and operating on or before February 15, 2020, while concealing the true time of formation and status of their business operations. Said false representations violated material conditions of the PPP and resulted in financial stimulus aid sent to Defendants that should have gone to other entities properly entitled to said funds, and that may be forgiven under the PPP.

5. The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Federal

Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Federal Government without fear of reprisals or inaction, and enable the use of private legal resources to prosecute fraud claims on the Federal Government's behalf.

6. The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A), (B). Any person who violates the FCA is liable for a civil penalty of up to $11,000 for each such claim, plus three times the amount of the damages sustained by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

7. In 2009, Congress amended the FCA to clarify that a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest…" 31 U.S.C. § 3729(b)(2).

8. The FCA allows any person having information about an FCA violation to bring an action for himself and the Federal Government, and to share in any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on

Defendants during that time) to allow the Federal Government time to conduct its own investigation and to determine whether to join the suit.

9. Based on the foregoing laws, *qui tam* Plaintiff seeks through this action to recover all available damages, civil penalties, and other relief for the violations alleged herein in every jurisdiction to which Defendants' misconduct has extended.

## PARTIES

10. Plaintiff/Relator Bryan Quesenberry **("Relator")** is a resident of Salem, Utah. He brings this action on behalf of the United States of America, the real party in interest.

11. Defendant Altius Technologies, Inc. **("Altius")** is a privately held Utah entity located in Sandy, Utah. Altius was registered in Utah on 3/25/2020. Upon information and belief, Altius received between $350,000 - $1 million in PPP funds.

12. Defendant Arva Intelligence Corp. **("Arva")** is a privately held Utah entity located in Park City, Utah. Arva was registered entity in Utah on 2/25/2020. Upon information and belief, Arva received between $150,000 - $350,000 in PPP funds.

13. Defendant Caisson Laboratories, Inc. **("Caisson")** is a privately held Utah entity located in Smithfield, Utah. Caisson was registered in Utah on 4/13/2020. Upon information and belief, Caisson received between $150,000 - $350,000 in PPP funds.

14. Defendant Carr Woodall **("Carr Woodall")** is registered as a Utah DBA from South Jordan, Utah. The DBA Carr Woodall was registered on 4/3/2020. Yet, Carr Woodall represented itself as a limited liability company on its PPP application. Upon information and belief, Carr Woodall received between $150,000 - $350,000 in PPP funds. Upon information and belief, no Car Woodall LL exists in the records of the Utah Division of Corporations.

15. Defendant Cascade Concrete, L.L.C. **("Cascade")** is a privately held Utah company located in Mapleton, Utah. Cascade was registered in Utah on 4/15/2020. Upon information and belief, Cascade received between $150,000 - $350,000 in PPP funds.

16. Defendant Cook Brothers, Inc. **("Cook Brothers")** is a privately held Utah entity located in Provo, Utah. Cook Brothers was registered in Utah on 4/10/2020. Upon information and belief, Cook Brothers received between $150,000 - $350,000 in PPP funds.

17. Defendant Cornerstone Affiliates Inc. **("Cornerstone")** is a privately held Utah entity located in Draper, Utah. Cornerstone was registered in Utah on 6/1/2020. Upon information and belief, Cornerstone received between $150,000 - $350,000 in PPP funds.

18. Defendant Cywest Communication **("Cywest")** is a privately held Utah entity located in Herriman and also known as Cywest Communications, Inc. Cywest was registered in Utah on 5/8/2020. Upon information and belief, Cywest received between $150,000 - $350,000 in PPP funds.

19. Defendant Domega, Inc. **("Domega, Inc.")** is a privately held Utah entity doing business in Orem, Utah. Defendant Domega (not the same as Domega, Inc.) is not an entity registered with the Utah Division of Corporations. Both Domega, Inc. and Domega received between $350,000 - $1 million in PPP funds. Both are located at the same location in Orem and both submitted separate PPP applications. Upon information and belief, these are the same entities.

20. Defendant DYB Services LLC **("DYB")** is a privately held Arizona company doing business in Bountiful, Utah. DYB was registered in Utah on 4/7/2020. Upon information and belief, DYB received between $350,000 - $1 million in PPP funds.

5

21. Defendant Eleven Dimensions Inc. **("Eleven Dimensions")** is a privately held Utah entity located in Salt Lake City, Utah. Eleven Dimensions was registered in Utah on 3/24/2020. Upon information and belief, Eleven Dimensions received between $150,000 - $350,000 in PPP funds.

22. Defendant Guard Dog Solutions, Inc. **("Guard Dog")** is a privately held Utah entity located in Salt Lake City, Utah. Guard Dog was registered in Utah on 4/27/2020. Upon information and belief, Guard Dog received between $150,000 - $350,000 in PPP funds.

23. Defendant Guest-Tek Interactive Entertainment Inc. **("Guest-Tek")** is a Canadian entity doing business in Salt Lake City, Utah. Guess-Tek was registered in Utah on 3/9/2020. Upon information and belief, Guest-Tek received between $1-2 million in PPP funds.

24. Defendant King Enterprises Inc. **("King Enterprises")** is listed by the SBA as a Moab, Utah, entity that received between $150,000 - $350,000 in PPP funds. According to the Utah Division of Corporations, King Enterprises is not an entity registered in Utah.

25. Defendant Nordic Valley Recreation LP **("Nordic Valley")** is a privately held Utah entity located in Eden, Utah. Nordic Valley was registered in Utah on 4/9/2020. Upon information and belief, Nordic Valley received between $150,000 - $350,000 in PPP funds.

26. Defendant Nutrigold Inc. **("Nutrigold")** is a privately held Utah entity located in Orem, Utah. Nutrigold was registered in Utah on 4/10/2020. Upon information and belief, Nutrigold received between $150,000 - $350,000 in PPP funds.

27. Defendant Our Lady of Lourdes School **("Lady of Lourdes")** is listed by the SBA as a Salt Lake City sole proprietorship that received $150,000 - $350,000 in PPP funds. According to the Utah Division of Corporations, Lady of Lourdes is not an entity registered in

Utah. The Utah Division of Corporations lists Our Lady of Lourdes <u>Catholic</u> School as a DBA, but said DBA was registered on 4/20/2020. Both entities share the same business address.

28. Defendant Phoenix Awakening Holdings, LLC **("Phoenix Awakening")** is a privately held Utah company located in Salt Lake City, Utah. Phoenix Awakening was registered in Utah on 2/27/2020. Upon information and belief, Phoenix Awakening received between $1-2 million in PPP funds.

29. Defendant Plato Elearning, LLC **("Plato")** is a privately held Utah company located in American Fork, Utah. Plato was registered in Utah on 4/21/2020. Upon information and belief, Plato received between $350,000 - $1 million in PPP funds.

30. Defendant Redlist, LLC **("Redlist")** is a privately held Utah company located in Pleasant Grove, Utah. Redlist was registered in Utah on 6/16/2020. Upon information and belief, Redlist received between $350,000 - $1 million in PPP funds.

31. Defendant Series 202: Ministries of the Catholic Diocese of Salt Lake City, LLC P.S. **("Series 202")** is a Utah company located in Salt Lake City, Utah. Series 202 was registered in Utah on 3/5/2020. Upon information and belief, Series 202 received between $350,000 - $1 million in PPP funds.

32. Defendant Series 230: Ministries of the Catholic Diocese of Salt Lake City, LLC P.S. **("Series 230")** is listed by the SBA as an Ogden, Utah, entity that received between $350,000 - $1 million in PPP funds. According to the Utah Division of Corporations, Series 230 is not an entity registered in Utah.

33. Defendant Series 250: Ministries of the Catholic Diocese of Salt Lake City, LLC P.S. **("Series 250")** is a Utah company located in Holladay, Utah. Series 250 was registered in

Utah on 3/5/2020. Upon information and belief, Series 250 received between $350,000 - $1 million in PPP funds.

34. Defendant Solgen Construction LLC **("Solgen")** is a privately held Utah company located in Salt Lake City, Utah. Solgen was registered in Utah on 2/26/2020. Upon information and belief, Solgen received between $150,000 - $350,000 in PPP funds.

35. Defendant Taxbit Inc. **("Taxbit")** is a privately held Utah entity located in Draper, Utah. Taxbit was registered in Utah on 7/6/2020. Upon information and belief, Taxbit received between $150,000 - $350,000 in PPP funds.

36. Defendant Vigil Industrial Protection LLC **("Vigil")** is a privately held Utah company located in Draper, Utah. Vigil was registered in Utah on 4/8/2020. Upon information and belief, Vigil received between $350,000 - $1 million in PPP funds.

37. According to the PPP application discussed below, owners of Defendants include partners or members owning 20% or more equity in the company. Upon information and belief, and after further discovery in this matter, Relator anticipates he will need to amend this Complaint to add in such owners or representatives as co-defendants if they were complicit in the fraudulent misrepresentations listed below.

38. Below is a chart of all Defendants, the amounts they received, and other information:

| AMOUNT | APPLICANT | ADDRESS | | APPROVAL DATE | DATE ENTITY REGISTERED |
|---|---|---|---|---|---|
| $350,000-1M | ALTIUS TECHNOLOGIES INC. | 9547 S 700 E, STE 200 | SANDY | 4/10/2020 | 3/25/2020 |
| $150,000-350,000 | ARVA INTELLIGENCE CORP. | 3289 Tatanka Trl | PARK CITY | 5/5/2020 | 2/25/2020 |
| $150,000-350,000 | CAISSON LABORTORIES, INC. | 836 S 100 E | SMITHFIELD | 4/16/2020 | 4/13/2020 |
| $150,000-350,000 | CARR WOODALL | 1309 W South Jordan Pkwy, Suite 200 | SOUTH JORDAN | 4/5/2020 | 4/30/2020 |
| $150,000-350,000 | CASCADE CONCRETE, L.L.C. | 846 1200 E | MAPLETON | 4/14/2020 | 4/15/2020 |
| $150,000-350,000 | COOK BROTHERS, INC. | 430 W 300 S | PROVO | 5/1/2020 | 4/10/2020 |

8

| Amount | Name | Address | City | Date 1 | Date 2 |
|---|---|---|---|---|---|
| $150,000-350,000 | CORNERSTONE AFFILIATES INC. | 12401 S 450 E  Ste A2-B | DRAPER | 4/27/2020 | 6/1/2020 |
| $150,000-350,000 | CYWEST COMMUNICATION | 5358 west evening side drive | HERRIMAN | 4/8/2020 | 5/8/2020 |
| $350,000-1M | DOMEGA | 1365 W Business Park Dr 200 | OREM | 6/30/2020 | N/A |
| $350,000-1M | DOMEGA, INC | 1365 West Business Park Dr Suite 200 | OREM | 4/9/2020 | N/A |
| $350,000-1M | DYB SERVICES LLC | 90 W 500 S #105 | BOUNTIFUL | 4/16/2020 | 4/7/2020 |
| $150,000-350,000 | ELEVEN DIMENSIONS INC | 5688 Coral Mount Ln | SALT LAKE CITY | 4/13/2020 | 3/24/2020 |
| $150,000-350,000 | GUARD DOG SOLUTIONS, INC. | 299 S Main St Ste 1300 | SALT LAKE CITY | 4/14/2020 | 4/27/2020 |
| $1-2M | GUEST-TEK INTERACTIVE ENTERTAINMENT INC. | 1160 S PIONEER RD STE 5 | SALT LAKE CITY | 4/29/2020 | 3/9/2020 |
| $150,000-350,000 | KING ENTERPRISES INC | 640 s main | MOAB | 4/4/2020 | N/A |
| $150,000-350,000 | NORDIC VALLEY RECREATION LP | 3567 Nordic Valley Way | EDEN | 4/9/2020 | 4/9/2020 |
| $150,000-350,000 | NUTRIGOLD INC. | 1467 West 105 North | OREM | 4/30/2020 | 4/10/2020 |
| $150,000-350,000 | OUR LADY OF LOURDES SCHOOL | 1065 East 700 South | SALT LAKE CITY | 4/13/2020 | N/A |
| $1-2M | PHOENIX AWAKENING HOLDINGS, LLC | 5742 W. Harold Gatty Drive | SALT LAKE CITY | 4/15/2020 | 2/27/2020 |
| $350,000-1M | PLATO ELEARNING, LLC | 732 E UTAH VALLEY DR SUITE 100 | AMERICAN FORK | 4/11/2020 | 4/21/2020 |
| $350,000-1M | REDLIST LLC | 2436 W 700 S STE 202 | PLEASANT GROVE | 4/13/2020 | 6/16/2020 |
| $350,000-1M | SERIES 202: MINISTRIES OF THE CATHOLIC DIOCESE OF SALT LAKE CITY, LLC P.S. | 331 E. South Temple St. | SALT LAKE CITY | 4/15/2020 | 3/5/2020 |
| $350,000-1M | SERIES 230 MINISTRIES OF THE CATHOLIC DIOCESE OF SALT LAKE CITY LLC | 2980 Quincy Avenue | OGDEN | 4/29/2020 | N/A |
| $350,000-1M | SERIES 250: MINISTRIES OF THE CATHOLIC DIOCESE OF SALT LAKE CITY, LLC | 1375 Spring Lane | HOLLADAY | 4/30/2020 | 3/5/2020 |
| $150,000-350,000 | SOLGEN CONSTRUCTION LLC | 26 South Rio Grande Street, Ste 2072 | SALT LAKE CITY | 4/10/2020 | 2/26/2020 |
| $150,000-350,000 | TAXBIT INC. | 14203 Minuteman Dr Suite 201 | DRAPER | 5/3/2020 | 7/6/2020 |
| $350,000-1M | VIGIL INDUSTRIAL PROTECTION LLC | 12379 S 265 W | DRAPER | 5/3/2020 | 4/8/2020 |

## JURISDICTION AND VENUE

39.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no longer jurisdictional after the 2009 amendments to the FCA, to Realtor's knowledge there has been no statutorily relevant public disclosure of the "allegations or transactions" in this

Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02.

40. Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Plaintiff researched and discovered through a records request the pertinent dates of formation and other related entity information of each Defendant.

41. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because Defendants are Utah entities.

42. Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendants can be found in and/or transacted business in this district, and because violations of 31 U.S.C. §§ 3729 *et seq*. alleged herein occurred within this district. At all times relevant to this Complaint, Defendants regularly conducted substantial business within this district.

## THE PAYCHECK PROTECTION PROGRAM

43. Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act **("CARES Act")**. Section 1102 contains a new program called the Paycheck Protection Program **("PPP")** and is party of the U.S. Small Business Administration's **("SBA")** 7(a) Loan Program. These two sections are intended to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration issued by President Trump on March 13, 2020.

44. Due to the COVID-19 emergency, many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, and local public health measures that are being taken to minimize the public's exposure to the coronavirus.

45. The SBA received funding and authority through the CARES Act to modify existing loan programs and establish the new PPP loan program to assist small businesses nationwide adversely impacted by the coronavirus pandemic.

46. Section 1102 of the Act temporarily permits SBA to guarantee 100% of 7(a) loans under the PPP. Section 1106 of the CARES Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

47. The CARES Act was intended to provide relief to America's small businesses expeditiously.

48. The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness. Lenders are held harmless for borrowers' failures to comply with PPP rules.

49. One critical PPP rule is that the borrower be in operation on **February 15, 2020** and either have employees for whom it paid salaries and payroll taxes or paid independent contractors.

50. Borrowers had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

51. In general, Borrowers calculated an amount to borrow by aggregating payroll costs from the previous 12 months for employees whose principal place of residence is the

United States. Annual employee salaries are capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

52. On the PPP application, a representative of the borrower applying for PPP funds had to certify in good faith to a number of representations to the Federal Government. The very first certification on the application states, "The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC."

53. The next certification on the Application states, "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

54. Applicants also "further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

55. Finally, all Applicants certify that they "understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

56. Relator submitted a GRAMA request to the Utah Division of Corporations on or about 7/9/2020 seeking the names and other related information of all Utah entities formed after February 15, 2020.

57. In response, Relator received information identifying 28,885 Utah entities formed between February 15, 2020 and July 7, 2020.

58. Utah-based entities who applied for and received PPP funds totaled approximately 6,736.

59. Relator then carefully reviewed entities that were registered after February 15, 2020 that also applied for and received PPP funds.

60. Defendants are the entities that were formed and became active after February 15, 2020 – and thus were not in operation on February 15, 2020.

61. Furthermore, upon information and belief, because Defendants were registered after February 15, 2020, they could not have payroll expenses prior to February 15, 2020.

62. Defendants thus made material misrepresentations on their applications for PPP funds, knowing lenders and the Federal Government would rely on said representations in paying PPP funds to Defendants.

63. Regarding Domega, Inc., it applied for and obtained two PPP loans. It applied as Domega, Inc. to Capital Community Bank, representing it had 36 employees. This application was approved on 4/9/2020, pursuant to which it received from $350,000 - $1 million.

64. Domega (applying as Domega), representing it had 36 employees, applied to Cross River Bank and received from $350,000 - $1 million. This application was approved on 6/30/2020.

65. Both Domega, Inc. and Domega are located at the same place – 1365 W. Business Park Drive, Suite 200, Orem, Utah.

66. Domega, Inc. is registered as a Utah entity. Domega is not registered with the Utah Division of Corporations.

67. Domega and Domega, Inc. certified on their applications that "[d]uring the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program."

68. Upon information and belief, Domega and Domega, Inc. are the same businesses. As such, they submitted two PPP applications and received two loans under the PPP.

69. Regarding Carr Woodall, it misrepresented its entity structure in order to gain eligibility for PPP funds.

70. Similarly, King Enterprises, Our Lady, Series 230 are entities not registered in Utah, and are thus not appropriate Utah entities to receive PPP funds.

71. Relator reserves the right to amend this Complaint and expand these allegations upon review of the actual applications and supporting documentation submitted by Defendants.

## False Claims Act

### 31 U.S.C. § 3729(a)(1)(A)-(B)

72. Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

73. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended.

74. By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the United States Government, or authorized agent of the United States Government, for payment or approval.

75. By virtue of the acts described above, Defendants knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

76. Relator cannot at this time identify all of the false claims for payment that were caused by Defendants' conduct. The false claims were presented to third party lending institutions. Relator does not have access to the records of all such false or fraudulent statements or claims.

77. Lenders, acting on behalf of the Federal Government, were guaranteed 100% of the PPP loans. Said lenders were unaware of the falsity of the records, statements, and claims made or caused to be made by Defendants. Said lenders paid the claims that would not be paid but for Defendants' illegal conduct.

78. By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

79. Additionally, the United States is entitled to the maximum penalty of up to $11,000 for each and every violation arising from Defendants' unlawful conduct alleged herein.

## **PRAYER**

WHEREFORE, *qui tam* Plaintiff-Relator prays for judgment against each Defendant as follows:

1. That this Court enter judgment against each Defendant in an amount equal to three times the amount of damages the United Sates has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

2. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

3. That Relator be awarded all costs of this action, including attorney's fees and expenses; and

4. That Relator recover such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.


Dated: 7/13/2020  
Payson, Utah

Respectfully submitted,

STEPHEN QUESENBERRY, LLC


/s/ *Stephen Quesenberry*  
Stephen Quesenberry (UBN 8073)  
197 East 100 North, Suite A  
Payson, UT  84651  
Telephone: 801-885-2872  
steve@kittsgroup.com  
*Counsel for Relator*